**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JEPHTE ATUS,

Petitioner,

v. No. 2:26-cv-02708-KG-DLM

MARKWAYNE MULLIN, *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Jephte Atus's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. For the reasons below, the Court denies the Petition.

Petitioner, a native and citizen of Haiti, entered the United States on April 27, 2003, via a non-immigrant visa that expired on June 19, 2005. Doc. 6 at 2. In October 2007, Petitioner applied for adjustment of status but was denied and placed in removal proceedings. *Id.* "In 2011, Petitioner's wife, a United States citizen, filed an I-130 alien relative petition, and Petitioner's status was temporarily changed to that of conditional resident." *Id.* The petition was denied on November 14, 2023. *Id.*

On June 12, 2025, Petitioner was arrested in Broward County, Florida, on state criminal charges and transferred into immigration custody. Doc. 1 at 2. Prior to his 2025 arrest, Petitioner had been convicted for residential burglary in 2007, arrested for violating probation in 2008, and convicted of violating a domestic restraining order in 2014. *Id.*

An immigration judge ordered Petitioner removed on July 27, 2026. *Id.* The record does not indicate that Petitioner filed an appeal with the Board of Immigration Appeals; thus, Petitioner's order of removal became final on August 27, 2026. *Id.* at 2–3.

Petitioner seeks immediate release. Doc. 1 at 7. He argues that his detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment "because it has no definite termination point." *Id.* at 6. The Government opposes the Petition, arguing that "[a]s of this filing, Petitioner has been in post-removal-order detention for less than one month, far less than the six-month period announced in *Zadvydas*." Doc. 6 at 5.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under 8 U.S.C. § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(c). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized[.]" *Zadvydas*, 533 U.S. at 699. A six-month detention period is presumptively reasonable. *Id.* at 700–01. After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen. *Id*. at 701. "[F]or

detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as 'the reasonably foreseeable future' . . . shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1013 (D. Nev. 2025); *Douglas v. Baker*, 812 F. Supp. 3d 525, 532–33 (D. Md. 2025).

Applying these principles, Petitioner's detention remains lawful under § 1231. Petitioner's removal order became administratively final on August 27, 2026. Since that date, he has been detained for less than two months. Accordingly, his detention remains within the six-month period that *Zadvydas* recognized as presumptively reasonable. 533 U.S. at 701.

The Petition for a Writ of Habeas Corpus, Doc. 1, is therefore denied without prejudice. Petitioner may file a new habeas petition if he remains detained beyond the six-month period. Petitioner's Motion for Leave to Proceed in forma pauperis, Doc. 2, is denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.